UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS ARTHOR MADISON,<br><br>             Plaintiff,<br><br>     v.<br><br>PIERCE COUNTY JAIL, et al.,<br><br>             Defendant. | CASE NO. 3:22-cv-05246-RSM-BAT<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL** |

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's motion for appointment of counsel. Dkt. 8. The Court, having reviewed Plaintiff's motion, and the balance of the record, hereby finds and ORDERS as follows:

(1)     Plaintiff's motion for appointment of counsel (Dkt. 8) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the

1  plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.

2  *Wilborn*, 789 F.2d at 1331.

3        Plaintiff asserts in support of his request for counsel that he is unable to afford counsel

4  and that his efforts to obtain counsel on his own have been unsuccessful. *See* Dkt. 8. Plaintiff

5  further asserts that he has limited knowledge of the law and that the issues involved in this case

6  are complex. *Id.* Plaintiff also claims that his access to the law library and to legal materials is

7  limited because he is a pretrial detainee. *Id*. Plaintiff maintains that appointment of counsel is

8  also warranted because this case involves medical issues that may require expert testimony, he

9  has requested a jury trial, the case will require discovery and depositions, because he is

10  incarcerated he has limited ability to investigate the facts of the case, and he requires counsel to

11  manage the presentation of proof, cross-examine witnesses, present rebuttal, object to improper

12  evidence and give opening and closing arguments. *Id.* Finally, Plaintiff appears to assert that he

13  is likely to succeed on the merits of his constitutional claims. *See id*.

14        Plaintiff's indigency and his inability to retain an attorney independently do not constitute

15  exceptional circumstances sufficient to warrant appointment of counsel. To the extent Plaintiff

16  claims he lacks the ability to litigate this action in light of its complexity, the Court notes that

17  this action does not at this point, in fact, appear to be particularly complex. Plaintiff alleges

18  violation of his constitutional rights related to the conditions of his confinement at Pierce County

19  Jail including unsanitary conditions in the cells due to brown liquid smelling of human waste

20  oozing through cracks in the cell walls, lack of access to a bathroom or running water in his cell,

21  lack of access to outdoor recreation and exercise, as well as Due Process violations related to the

22  grievance process. Dkt. 7. Moreover, Plaintiff has demonstrated ample ability to articulate the

23  legal and factual bases of his claims without the assistance of counsel. And, while Plaintiff

ORDER DENYING MOTION TO APPOINT
COUNSEL - 2

claims his access to the law library and legal materials is limited because of his housing situation, it is notable that his memorandum in support of his motion for appointment counsel (Dkt. 8) contains detailed legal argument and citations to relevant case law. It thus appears that Plaintiff has some access to the law library and legal materials and delays attributable to limitations on such access can be effectively managed by adjusting deadlines upon appropriate requests from Plaintiff.[1]

To the extent Plaintiff complains about other difficulties he is likely to face in litigating this action without an attorney, including investigating his claims, identifying witnesses, and conducting discovery, he has not identified anything outside the typical challenges faced by prisoners litigating actions from within the confines of a correctional facility, challenges which do not, by themselves, constitute exceptional circumstances.

Finally, to the extent Plaintiff intends to argue that his case has merit and that there is a substantial likelihood he will succeed on his claims at trial, the Court notes that at this point the record is still extremely limited in this case and insufficient for the Court to draw any conclusions regarding Plaintiff's likelihood of success on the merits of his claim. Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel.

//

//

---

[1] The Court also notes that it appears Plaintiff has now been transferred to a different facility where he may have a different level of access to the law library. Dkt. 15.

ORDER DENYING MOTION TO APPOINT
COUNSEL - 3

(2)     The Clerk is directed to send copies of this Order to Plaintiff, to counsel for

Defendants, and to the Honorable Ricardo S. Martinez.

DATED this 8th day of July, 2022.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT
COUNSEL - 4