UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVIS ARTHOR MADISON,

                Plaintiff,

    v.

PIERCE COUNTY JAIL, et al.,

                Defendant.

CASE NO. 3:22-cv-05246-RSM-BAT

**REPORT AND
RECOMMENDATION**

Plaintiff Travis Arthor Madison, who is currently incarcerated at the Cedar Creek

Corrections Center in Littlerock, Washington, proceeds *pro se* in this 42 U.S.C. § 1983 civil

rights action. Before the Court is defendants' motion to dismiss the amended complaint under

Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 21. Although plaintiff moved for,

and the Court granted, an extension of time to file a response to the motion, plaintiff has not

responded to the motion. The Court has reviewed defendants' motion and the record and

recommends the motion be granted and the case be dismissed with prejudice.

**BACKGROUND**

Plaintiff's amended complaint alleges that, from March 16 to March 31, 2022, when

plaintiff was a pretrial detainee at the Pierce County Jail, he was housed in a cell with an

"overwhelming odor of 'human waste (sewage)'" and a brown substance oozing through cracks

REPORT AND RECOMMENDATION - 1

1  in the wall, and that these conditions caused him to experience headaches, nausea, vomiting,

2  difficulty breathing, and dizziness. Dkt. 7 ("Complaint") at 8, 10.

3       He further alleges that this cell was a "dry" cell, meaning it had no toilet, sink, or running

4  water, and that in order to use the toilet or get water, plaintiff had to call for an officer to unlock

5  the door, which often resulted in a wait of 20 to 60 minutes, and which led to plaintiff having to

6  urinate or defecate in plastic bags. Complaint at 11. He alleges that there was a formal or

7  informal policy or practice to permit only two inmates out at a time to use the bathroom during

8  lockdown times. Complaint at 11.

9       Finally, he alleges that he was denied access to outdoor recreation between June 2021

10  and May 2022, and that this denial resulted in depression, weight loss, muscle cramps, and

11  fatigue. Complaint at 14-15.

12       Plaintiff alleges that these conditions constituted cruel and unusual punishment and

13  unconstitutional conditions of confinement and a violation of his right to due process. Complaint

14  at 5, 8, 11-12, 14. Plaintiff names as defendants Pierce County, Sergeant Douglas Watkins,

15  Sergeant G. Davis, Lieutenant Ake, Lieutenant James, Sergeant F. Ake, Captain Tony Genga,

16  and Chief Patty Jackson. Complaint at 4.

## DISCUSSION

18       A complaint may be dismissed under Rule 12(b)(6) when it appears beyond a doubt that

19  the plaintiff can prove no set of facts that would entitle him to relief. *Homedics, Inc. v. Valley*

20  *Forge Ins. Co.*, 315 F.3d 1135, 1138 (9th Cir. 2003). A district court must accept all factual

21  allegations in the complaint as true and must liberally construe those allegations in a light most

22  favorable to the non-moving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

23

REPORT AND RECOMMENDATION - 2

1 | However, conclusory allegations are not similarly treated. *Warren v. Fox Family Worldwide,*

2 | *Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

3 |       Plaintiff seeks relief under § 1983 and must show (1) he suffered a violation of rights

4 | protected by the Constitution or created by federal statute, and (2) the violation was proximately

5 | caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d

6 | 1418, 1420 (9th Cir. 1991).

7 |       *1.     Exhaustion*

8 |       Defendants assert that plaintiff failed to exhaust his claims related to outdoor recreation.

9 | Dkt. 21 at 8. The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all

10 | administrative remedies before bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*,

11 | 557 F.3d 1117, 1119 (9th Cir. 2009). To effectively exhaust his administrative remedies, an

12 | inmate must use all the formal steps of the prison grievance process. *Id*. Because the purpose of

13 | exhaustion is to give prison administrators a chance to resolve the issues, the inmate must

14 | exhaust each of his claims through grievances containing enough factual specificity to notify

15 | officials of the alleged harm. *Id.* at 1120.

16 |       Plaintiff's amended complaint does not include any information regarding the use of the

17 | grievance process to address his claims related to outdoor recreation. Because plaintiff has failed

18 | to provide any factual allegations that could support a finding that he grieved or attempted to

19 | grieve the outdoor recreation claims, the Court recommends that this claim be dismissed.

20 |       *2.     Personal participation and respondeat superior*

21 |       Plaintiff names several Pierce County jail employees, including supervisory employees,

22 | as defendants. To obtain § 1983 relief, a complaint must allege that each particular defendant

23 | caused or personally participated in causing the deprivation of a particular protected

REPORT AND RECOMMENDATION - 3

1   constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549

2   F.2d 1287, 1290 (9th Cir. 1977). Conclusory allegations against an official are insufficient to

3   state a claim for relief. Rather, the complaint must set forth specific facts showing a causal

4   connection between each defendant's actions and the harm allegedly suffered by plaintiff.

5   *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

6       In addition, respondeat superior is not applicable to § 1983 actions. *See Polk County v.*

7   *Dodson*, 454 U.S. 312, 325 (1981). To state a claim against a supervisor, a complaint must allege

8   facts showing the individual supervisor participated in or directed the alleged violation, or knew

9   of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194

10  (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999); *see also Monell v. New York City Department*

11  *of Social Services*, 436 U.S. 658, 691 (1978).

12      Here, the amended complaint contains no facts indicating that the individual defendants

13  had any personal involvement in causing the harm plaintiff alleges.

14      Regarding the odor, the amended complaint states that plaintiff brought the condition of

15  his cell to the attention of three non-defendant corrections officers, who stated they would

16  contact maintenance, but no maintenance staff ever came to the cell. Complaint at 8. During a

17  routine unit inspection on March 23, 2022, plaintiff informed defendants G. Davis, Lieutenant

18  James, Tony Genga, and Sergeant F. Ake of the odor; defendant Davis stated he could smell the

19  odor and inspected the cracks in another cell. Complaint at 10. Plaintiff filed a grievance

20  regarding the odor, and defendant Sergeant Watkins responded on March 25, 2022, stating he

21  had reached out to maintenance to look into the issue and see what could be done. Complaint at

22  9. Plaintiff appealed, and defendant Lieutenant Ake responded on March 31, 2022, stating that

23  the maintenance supervisor had been notified and was working towards a solution, but plaintiff

REPORT AND RECOMMENDATION - 4

1  had been moved to a different unit and therefore no further response to plaintiff's grievance was

2  required. Complaint at 10.

3        At most, plaintiff has alleged that he informed these defendants of the odor, either in

4  person or by grievance, that defendants Watkins and Lieutenant Ake informed plaintiff that

5  maintenance staff were working on a solution, and that plaintiff was moved from the cell within

6  approximately one week after first informing defendants of the problem. Although these

7  allegations are sufficient to establish that defendants were aware of the problem, they are

8  insufficient to establish that the defendants themselves either caused the problem or failed to act

9  to resolve the problem. This is insufficient to establish personal participation under § 1983.

10        Regarding access to the bathroom, the amended complaint states that a non-defendant

11  corrections officer told plaintiff it was policy that only one inmate at a time was permitted to use

12  the bathroom during lockdown times. Complaint at 12. Plaintiff filed a grievance regarding the

13  lengthy wait times to use the bathroom; defendant Davis responded that he was unable to resolve

14  the matter without identification of the specific employee who had stated it was policy.

15  Complaint at 13. Plaintiff appealed, and defendant Lieutenant Ake responded that the grievance

16  had led Davis to believe multiple officers were following a "one-at-a-time" rule, which

17  Lieutenant Ake stated was not a policy. Complaint at 13. Lieutenant Ake stated he would follow

18  up with the corrections officer plaintiff had named; he further stated that the unit had 24-hour

19  access to bathroom facilities, but there may be a wait because the unit had only three toilets.

20  Complaint at 13-14.

21        Plaintiff has alleged only that a non-defendant corrections officer stated it was a policy

22  that only one inmate could use the bathroom at a time, and that defendants Davis and Lieutenant

23  Ake stated it was not in fact a policy and they would follow up with the officer plaintiff had

REPORT AND RECOMMENDATION - 5

1   named. Plaintiff has failed to establish personal participation by these defendants in establishing

2   or following a "one-at-a-time" bathroom policy.

3       Finally, defendant alleges that defendant Patty Jackson is chief of corrections at Pierce

4   County Jail and is responsible for making or approving policies, whether formal or informal, and

5   must be made aware of and approve procedures for the operations of the facility. Complaint at

6   15. This conclusory allegation fails to allege any facts that show how Jackson personally

7   participated in causing the alleged harm and is insufficient to state a claim against her.

8       2.    *Municipal liability*

9       Plaintiff names Pierce County as a defendant. A local government unit or municipality

10  can be sued as a "person" under § 1983. *Monell v. Department of Social Servs., of City of New*

11  *York*, 436 U.S. 658, 691 (1978). However, a municipality cannot be held liable under § 1983

12  solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a

13  municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her

14  injury, and must demonstrate that the municipality, through its deliberate conduct, was the

15  "moving force" behind the injury alleged. *Bryan County Commissioners v. Brown*, 520 U.S. 397,

16  403-404 (1997) (citing *Monell*, 436 U.S. at 694). In other words, a local government unit may

17  only be held liable if it inflicts the injury complained of through a policy or custom. *Waggy v.*

18  *Spokane Cty. Wash.*, 594 F.3d 707, 713 (9th Cir. 2010). Further, to state a claim, "[i]t is not

19  sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that

20  caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to

21  with 'deliberate indifference'" to his constitutional rights. *Castro v. Cty. of Los Angeles*, 833

22  F.3d 1060, 1076 (9th Cir. 2016), *cert. denied sub nom.*, *Los Angeles Cty., Cal. v. Castro*, 137 S.

23  Ct. 831 (2017). The deliberate indifference standard is satisfied where a plaintiff alleges facts

REPORT AND RECOMMENDATION - 6

1  available to the municipality's policymakers that "put them on actual or constructive notice that

2  the particular omission is substantially certain to result in the violation of the constitutional rights

3  of their citizens." *Castro*, 833 F.3d at 1076. Here, plaintiff has made only conclusory allegations

4  of a policy or custom that violated his constitutional rights.

5      Regarding the odor in his cell, plaintiff made no allegations that a policy or custom

6  caused his injury.

7      Regarding access to the bathroom, plaintiff alleges that a non-defendant corrections

8  officer stated it was policy that only one inmate at a time could use the restroom, but that

9  supervisory defendants Davis and Lieutenant Ake stated there was no "one-at-a-time" bathroom

10  policy and sought to identify the officer who had stated there was. Plaintiff's allegations are

11  insufficient to state a claim that Pierce County had a policy or custom of limiting the use of the

12  bathroom by inmates in "dry" cells. Plaintiff has failed to state a claim of municipal liability

13  against Pierce County.

14      3.    *Conditions of confinement*

15      In addition to his failure to allege personal participation by defendants, plaintiff has failed

16  to allege facts sufficient to establish a claim for cruel and unusual punishment, unconstitutional

17  conditions of confinement or a due process violation.

18      The Court evaluates a pretrial detainee's Fourteenth Amendment claim under an

19  objective deliberate indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118,

20  1124-25 (9th Cir. 2018) (applying objective standard to medical care claims and describing

21  similar treatment afforded medical care and other conditions of confinement claims) (citing

22  *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015), and

23  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016), *cert. denied*, 137 S. Ct.

REPORT AND RECOMMENDATION - 7

831, 97 L. Ed. 2d 69 (2017)).[1] A pretrial detainee must demonstrate that a defendant's acts or

omissions were objectively unreasonable, and identify objective facts indicating the "challenged

governmental action is not rationally related to a legitimate governmental objective or that it is

excessive in relation to that [objective]." *Kingsley*, 576 U.S. at 398.

To state a claim of unconstitutional conditions of confinement, a pretrial detainee must

allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under
> which the plaintiff was confined; (ii) those conditions put the plaintiff at
> substantial risk of suffering serious harm; (iii) the defendant did not take
> reasonable available measures to abate that risk, even though a reasonable official
> in the circumstances would have appreciated the high degree of risk involved—
> making the consequences of the defendant's conduct obvious; and (iv) by not
> taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. "Whether the conditions and conduct rise to the level of a

constitutional violation is an objective assessment that turns on the facts and circumstances of

each particular case." *Cedillos v. Youngblood*, No. C21-00138, 2021 WL 2534534, at *4 (E.D.

Cal. June 21, 2021), *report and recommendation adopted*, 2021 WL 3032688 (E.D. Cal. July 19,

2021) (citing *Gordon*, 888 F.3d at 1125).

Regarding the odor in his cell, plaintiff alleges that the odor caused him to experience

headaches, nausea, vomiting, difficulty breathing, and dizziness. Even if the Court accepts that

---

[1] Previously, "all conditions of confinement claims, including claims for inadequate medical care, were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment." *Gordon*, 888 F.3d at 1122-23 (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010)). Although the Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims beyond a denial of medical care, failure-to-protect, and to excessive force claims, the decision in *Gordon* strongly suggests it will do so. *See Gordon*, 888 F.3d at 1120, 1124, and 1124 n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)).

REPORT AND RECOMMENDATION - 8

1   the condition of plaintiff's cell put him at a substantial risk of serious harm, plaintiff has not

2   alleged that any defendant made an intentional decision to place him in a cell with an odor of

3   human waste and an oozing substance, nor has he alleged that any defendant did not take a

4   reasonable available measure to abate the risk. To the contrary, plaintiff alleges that defendants

5   Watkins and Lieutenant Ake stated that maintenance was working to fix the issue and that he

6   was moved from the cell within approximately one week of notifying defendants of the issue.

7       Regarding access to the bathroom, plaintiff alleges that he had to wait 20 minutes to an

8   hour to use the bathroom and that this caused him to have to urinate or defecate in plastic bags.

9   Although having to wait up to an hour to use the restroom may be uncomfortable, plaintiff has

10  not alleged a substantial risk of serious harm from this condition of confinement.

11      Plaintiff fails to allege sufficient facts to establish that he has been subjected to conditions

12  of confinement that rise to the level of a constitutional violation.

13      *4.    Mootness*

14      Finally, defendants argue that plaintiff's claims for declaratory and injunctive relief are

15  moot because he is no longer incarnated at Pierce County Jail. Dkt. 21 at 9. Claims for injunctive

16  and declaratory relief are rendered moot as to an inmate who has been released from custody

17  while his claims are pending, unless the suit has been certified as a class action. *See Preiser v.*

18  *Newkirk*, 422 U.S. 395, 402–403(1975); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).

19  Because plaintiff is no longer incarcerated at Pierce County Jail, his claims for declaratory and

20  injunctive relief are moot.

21                              **CONCLUSION**

22      For the foregoing reasons the Court recommends Defendants' motion to dismiss be

23  GRANTED and the complaint be dismissed with prejudice.

REPORT AND RECOMMENDATION - 9

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 9, 2022**. The Clerk should note the matter as ready for the District Judge's consideration on that date if no objections are filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due.

Objections and responses shall not exceed **eight (8)** pages.  The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this Report and Recommendation to plaintiff and to the Honorable Ricardo S. Martinez.

DATED this 26th day of October, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10